UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALBERT COPPAGE,                    )
                                   )
         Plaintiff,                )
                                   )
    v.                             )   Case No. 08-1143
                                   )
ILLINOIS BELL TELEPHONE CO.,       )
                                   )
         Defendant.                )

### ORDER

Before the Court is Defendant's Motion to Dismiss for Want of Prosecution, or, in the alternative, Motion for Sanctions Pursuant to Fed. R. Civ. P. Rule 37. For the reasons set for below, the Motion [#14] is DENIED.

### Background

On June 20, 2008, *pro se* Plaintiff, Albert Coppage ("Coppage") filed a Complaint against Defendant, Illinois Bell Telephone Company (the "Company"), alleging employment discrimination. On December 10, 2008, the Magistrate Judge approved the proposed discovery plan, which stated that the parties had until June 1, 2009, to complete fact discovery. The Magistrate Judge set the following schedule: "Discovery (all discovery) to be completed by 8/3/2009. Dispositive Motions to be filed by 9/4/2009. Final Pretrial Conference set for 12/10/2009 at 1:00 PM and Bench Trial set for 1/25/2010."

On June 11, 2009, the Company moved to dismiss the action or, in the alternative, for sanctions, arguing that Coppage has failed to comply with the discovery

deadlines set by the Magistrate Judge. Specifically, the Company argues that Coppage has failed to cooperate in written discovery, has failed to appear for his deposition, and appears to have abandoned his claim. In the alternative, the Company asserts that because Coppage has failed to comply with the Magistrate Judge's discovery deadlines, it is entitled to sanctions.

On June 26, 2009, Coppage's Response to the Motion to Dismiss was filed. In his Response, he states that he has "made strong efforts to recover the necessary documents from [the Company] to support [his] allegations." He further maintained that "[d]ue to present working scenario it has been difficult to arrange financially, a deposition time and place. As [he is] representing [him]self [he] would like to be able to rearrange another time for a deposition if needed." He attached his responses to the Company's written discovery, which the Court struck, pursuant to Local Rule 26.3, as discovery is not to be filed with the clerk's office.

Based on the information before the Court, it is unable to find that Coppage has abandoned his claim or that sanctions are necessarily warranted. If Coppage continues to fail to comply with the discovery deadlines set by the Magistrate Judge, a Motion to Compel would be a more appropriate method to obtain relief, and the Court will be forced to consider whether a dismissal for want of prosecution would be appropriate.

## CONCLUSION

For the reasons set forth herein, the Company's Motion to Dismiss [#14] is DENIED. This case is referred to the Magistrate Judge for pretrial matters.

ENTERED this 6th day of July, 2009.

                                        s/ Michael M. Mihm
                                        Michael M. Mihm
                                        United States District Judge